The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner John A. Hedrick and the briefs filed on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in an Industrial Commission Form 21 — Agreement for Compensation for Disability — approved by the Industrial Commission on 22 February 1994, a Pre-Trial Agreement at the hearing and by post-hearing agreement as:
STIPULATIONS
1. On 16 September 1993, the date of plaintiff's injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date an employment relationship existed between plaintiff and defendant-employer.
3. Claims Management, Incorporated, was the workers' compensation insurance carrier on the risk.
4. Plaintiff's average weekly wage was $118.51.
5. A set of plaintiff's medical records from Drs. Hardy and Miller, marked as Stipulated Exhibit Number Two and consisting of fourteen pages, is stipulated into evidence.
6. A set of plaintiff's medical records received by the Industrial Commission on 8 May 1995 and consisting of seventy-six pages, is stipulated into evidence.
7. The undersigned takes judicial notice of defendants' Industrial Commission Form 24 — Application of Employer or Insurance Carrier to Stop Payment of Compensation — which was approved by the Industrial Commission on 30 August 1994. The depositions of Dr. David C. Miller and Dr. Lamont Wooten, and a set of plaintiff's medical records were also stipulated into evidence by the parties.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was fifty-two years old. Plaintiff graduated from high school. She later obtained a copy machine technician certificate. Plaintiff's work history included employment as a copy machine salesperson.
2. Plaintiff began working for defendant-employer on 8 September 1993. Plaintiff worked in the ladies' clothing department and in the phone room. Plaintiff's duties were to answer the phone, check clothing racks and place clothes on clothes hangers.
3. Prior to beginning her employment with defendant-employer, plaintiff had sought treatment from numerous physicians for neck pain, bilateral arm and leg pain, and low back pain. Plaintiff's prior pains resulted from spondylosis (bone spurs), nerve root impingement at C5-C6 and C6-C7, and bulging discs at L4-L5 and L5-S1.
4. On 15 September 1993, the day prior to her injury, plaintiff presented to Dr. Wooten complaining of neck and back pain which was so severe that she had not slept for two full nights during the preceding two months.
5. On 16 September 1993, plaintiff was exiting the women's rest room when she slipped on a set floor. When she slipped, plaintiff twisted her torso and caught herself on a water fountain. She did not fall to the floor.
6. On 17 September 1993 plaintiff's back was stiff and sore. Defendants directed plaintiff to present to Dr. Speros for evaluation. Plaintiff, who disliked Dr. Speros, next sought treatment from Dr. Young. Thereafter, plaintiff was evaluated by Drs. Timmons, Hardy and Speros. While under evaluation and treatment by the foregoing physicians, plaintiff continued to complain of neck pain, bilateral arm and leg pain, and low back pain.
7. On 7 December 1993 Dr. Young released plaintiff to return to work in her previous position with defendant-employer. On 17 December 1993 Dr. Speros released plaintiff to return to work for four hours per day. On 18 January 1994 Dr. Timmons released plaintiff to return to light duty work. Plaintiff did not return to work. Plaintiff testified that she did not return to work due to continued pain.
8. By letter dated 5 July 1994, defendant-employer offered plaintiff a position in its ladies department as a fitting room attendant/telephone operator. This position required the employee to stand or sit in the fitting room and observe customers as they tried on merchandise. The employee was also responsible for answering the fitting room telephone and making public address system pages to various departments of defendant-employer's store. The employee would occasionally be responsible for tagging and hanging clothes. The position could have been modified to allow the employee to sit while answering the telephone and tagging and hanging merchandise.
9. The average weekly wage of the position defendant offered plaintiff on 5 July 1994 was equal to or greater than plaintiff's average weekly wage prior to 16 September 1993.
10. On 13 June 1994 Dr. Whitehurst approved plaintiff to return to work for defendant-employer in the fitting room attendant/telephone operator position. Plaintiff did not accept defendant-employer's offer of employment.
11. The evidence of record is insufficient to prove by its greater weight that plaintiff's current cervical, thoracic or lumbar conditions resulted from the incident on 16 September 1993.
12. The evidence of record is insufficient to prove by its greater weight that plaintiff sustained any permanent partial disability as a result of her injury on 16 September 1993.
* * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 16 September 1993 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff unjustifiably refused defendant-employer's offer of employment which was suitable to her physical restrictions. N.C.G.S. § 97-32.
3. Plaintiff is not entitled to any additional compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Under the law, plaintiff's claim for additional workers' compensation benefits must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs, except that defendants shall pay Dr. Miller and Dr. Wooten expert witness fees of $215.00.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ DIANNE C. SELLERS COMMISSIONER